United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JENNIFER YANG,<br>Defendant. | Case No. 16-cr-00334-LHK-1 (VKD)<br><br>**ORDER RE REQUEST FOR MODIFICATION OF AMOUNT OF SECURED BOND AS CONDITION OF RELEASE**<br><br>Re: Dkt. No. 89 |

On October 24, 2018, defendant Jennifer Yang filed a letter requesting modification of the conditions of her release. Dkt. No. 89. The Court held a hearing on Ms. Yang's request on October 26, 2018. Dkt. No. 90. The parties made further submissions on October 28 and 29, 2018. Dkt. Nos. 91, 92. Having considered the submissions and presentations of counsel, as well as the prior record before the Court, the Court finds that no changes to the amount of the secured bond are warranted at this time.

**I. BACKGROUND**

Ms. Yang is charged with conspiracy to commit visa fraud, mail fraud, and aggravated identity theft, in connection with an alleged fraudulent scheme to obtain EB-5 immigration visa benefits. Dkt. No. 4. On October 19, 2017, she was released from custody on a $500,000 unsecured bond with a number of special conditions, including a condition that she comply with a curfew. Dkt. No. 8. On December 1, 2017, the Court removed the curfew condition after the $500,000 bond was secured by the equity in Ms. Yang's house. Dkt. No. 25.

Ms. Yang sold her home on October 15, 2018, and the $500,000 property bond was converted to a cash bond and deposited with the Clerk of the Court on October 18, 2018. Dkt. Nos. 84, 85. In addition, the amount of $112,782.09 was paid out of the proceeds of the sale to the

United States to be held in the event a forfeiture is ordered in this action. *See* Dkt. Nos. 82, 84, 89.

Ms. Yang now asks to reduce the amount of the cash bond that secures her release by $250,000 so that she may use those funds to retain counsel of her own choosing.[1] Ms. Yang represents that the full amount of $250,000 is necessary for her to pay for her defense from now through the trial, which is set to begin March 22, 2019. Citing *Luis v. United* States, 136 S. Ct. 1083 (2016), Ms. Yang argues that she has a constitutional right to use funds not subject to forfeiture to retain counsel of her own choosing. She argues that the Court should modify her conditions of release, specifically the amount of the cash bond, to accommodate that right. In addition, Ms. Yang states that she has complied with all of the special conditions of her release for the past 10 months, she maintains substantial ties to the United States, and she no longer has business interests in China. Given these circumstances, she argues that a $250,000 cash bond, together with the other special conditions of release, will reasonably assure her appearance for proceedings in this case. Dkt. Nos. 89, 90, 92.

The United States opposes any change to the amount of the secured bond. The government argues that *Luis* is distinguishable because the cash that secures the bond in this case has not been seized, as it was in *Luis*, to serve the government's interest securing restitution following the defendant's possible future conviction; rather the cash is encumbered because a prior Court order required the posting of a secured bond in the amount of $500,000 as a condition of Ms. Yang's pretrial release from custody pursuant to 18 U.S.C. § 3142(c). The government argues that none of the circumstances supporting the Court's prior determination regarding the appropriate conditions of release has changed, and if anything, Ms. Yang's conduct suggests that she has not been forthcoming with the Court about her efforts to complete the sale of her house or about the intended use of the proceeds from that sale. Dkt. Nos. 90, 91.

## II. DISCUSSION

The United States contends that Ms. Yang is a flight risk and that a secured bond of $500,000 and the existing special conditions are necessary to reasonably assure her appearance.

---

[1] Ms. Yang has been represented by Court-appointed counsel since July 18, 2018. Dkt. No. 60.

2

1 The government does not contend that Ms. Yang poses a danger to another person or the
2 community. Where a personal recognizance bond or unsecured appearance bond will not
3 reasonably assure a defendant's appearance, the Court must impose the least restrictive further
4 condition or combination of conditions which will provide that reasonable assurance. 18 U.S.C.
5 § 3142(c)(1)(B).

The Court has reviewed the presentations made to the Court in the prior proceedings setting conditions of release and examining Ms. Yang's finances. The Court has also reviewed the transcripts of proceedings before the presiding judge regarding the sale of Ms. Yang's residence. Finally, the Court has considered the government's and Ms. Yang's proffers and arguments regarding whether the amount of the secured bond should or should not be modified.

Ms. Yang does not argue that the secured bond is constitutionally excessive under the Eighth Amendment; she argues only that she requires $250,000 to retain counsel of her choice. While Ms. Yang appears to have complied with the conditions of release imposed on December 1, 2017, including restrictions on her travel, that compliance alone is not a reason to reduce the amount of the bond. The Court notes that Ms. Yang appears to have been less than forthcoming with the Court regarding the circumstances surrounding efforts to sell her house and the uses that would be made of the proceeds of that sale. In other respects, very little has changed since December 1, 2017 when the bond amount was first set.

The Court agrees that *Luis* is distinguishable. Here, the government and the Court have an interest in reasonably assuring Ms. Yang's appearance for proceedings, and the secured bond serves that interest. Unlike *Luis*, the bond does not serve a merely contingent interest—*i.e.* funds for possible future restitution to crime victims if the government ultimately obtains a conviction.

In any event, while there may be circumstances in which a court-ordered bond imposes such a heavy financial burden that its posting renders a defendant indigent and prevents her from otherwise retaining counsel of her choice, the Court is not convinced this is such a case. The Court has reviewed the financial affidavit Ms. Yang submitted on July 13, 2018. That affidavit reflects both significant assets and significant liabilities. It was submitted before Ms. Yang sold her house and before she moved to a different residence. Based on this affidavit, the Court cannot

3

determine whether Ms. Yang remains eligible for appointment of counsel.

On or before **November 6, 2018**, Ms. Yang shall submit an updated comprehensive financial affidavit detailing, under penalty of perjury, her and her husband's current assets, income, expenses, and liabilities. The Court will determine thereafter whether Ms. Yang continues to qualify for appointment of pro bono counsel, and if she does, whether she should be required to contribute to the cost of appointed counsel.

**IT IS SO ORDERED.**

Dated: October 30, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge