UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER YANG & DANIEL WU,<br><br>Defendants. | Case No. 16-CR-00334-LHK<br><br>**ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE**<br><br>Re: Dkt. No. 166, 170, 174 |

On October 12, 2017, a federal grand jury returned a Superseding Indictment charging Defendants Jennifer Yang and Daniel Wu with one count of conspiracy ("Count 1"), three counts of visa fraud ("Counts 2 through 4"), two counts of mail fraud ("Counts 5 and 6"), and two counts of aggravated identity theft ("Counts 7 and 8"). ECF No. 4 ("Superseding Indictment"). The Superseding Indictment also charges Defendant Jennifer Yang with two counts of money laundering ("Counts 9 and 10"). *Id.* Trial in this case is scheduled to begin on November 12, 2019. A pre-trial conference will take place on October 30, 2019.

On October 15, 2019, in advance of the pre-trial conference, the Government filed ten motions in limine. ECF No. 166 ("USA Mot."). Defendants Yang and Wu filed separate

1
Case No. 16-CR-00334-LHK
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE

1 oppositions on October 22, 2019. ECF Nos. 189 ("Yang Opp."), 192 ("Wu Opp."). In addition, Defendants Yang and Wu filed their own motions in limine on October 15, 2019. Two of those motions overlap with one of the Government's motions in limine: Defendant Yang's Motion in Limine No. 3 to Exclude Government 404(b) Evidence, ECF No. 170, and Defendant Wu's Motion in Limine to Exclude Rule 404(b) Evidence Regarding Tax Returns, ECF No. 174. The Government filed a consolidated response to those motions on October 22, 2019. ECF No. 190. These motions in limine are now before the Court. The Court will rule on Defendants' remaining motions in limine in a separate order.

Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part the Government's motions in limine. The Court also DENIES Defendant Yang's Motion in Limine No. 3 to Exclude Government 404(b) Evidence and Defendant Wu's Motion in Limine to Exclude Rule 404(b) Evidence Regarding Tax Returns.

## I. LEGAL STANDARD

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Accordingly, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (explaining that a court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials").

In many instances, however, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016). For example, in order to exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014).

2

1  Thus, denial of a motion in limine to exclude certain evidence does not mean that all evidence contemplated by the motion will be admitted, only that the court is unable to make a comprehensive ruling in advance of trial. *Id.* Moreover, even if a district court does rule in limine, the court may "change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *City of Pomona*, 866 F.3d at 1070; *see also Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

## II. GOVERNMENT'S MOTIONS IN LIMINE

The Government filed an omnibus brief containing ten motions in limine. Below, the Court takes each motion in turn.

### A. Motion in Limine No. 1

In its first motion in limine, the Government asks the Court to "preclude Defendants from offering an improper defense blaming their victims." USA Mot. at 2-4. Specifically, the Government is concerned that Defendants may attempt to bring evidence (1) "that the victims in this case . . . could have or should have exercised more diligence or skepticism in their dealings with Defendants," or (2) "that the victims did not in fact rely on the materially false and misleading statements made by Defendants." *Id.* at 2. Defendants oppose the motion to the extent that the Government seeks to limit Defendants' ability to introduce evidence "(1) that may potentially be used for impeachment purposes, or (2) that is relevant to the jury's assessment of whether the alleged misstatements were material." Yang Opp. at 1; *see* Wu Opp. at 1.

It is true, as the Government points out, that the federal fraud statutes do not require proof that the victim relied on the false statements or was damaged by the statements. *Neder v. United States*, 527 U.S. 1, 25 (1999). It is likewise no defense that the victim of the fraud was negligent, gullible, or incompetent. *United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000) ("In this circuit, it is immaterial whether only the most gullible would have been deceived by the

3

Case No. 16-CR-00334-LHK
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE

defendants' scheme.") (internal quotation marks and alterations omitted). "What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose." *United States v. Blixt*, 548 F.3d 882, 889 (9th Cir. 2008) (mail fraud).

At the same time, "materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes." *Neder*, 527 U.S. at 25. A statement is material if it "has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)). The Ninth Circuit has made clear, moreover, that this is an "objective test." *Id.* Yet, courts have said that how a particular decisionmaker would have reacted to particular statements is relevant to whether those statements were material. *See Peterson*, 538 F.3d at 1073 (holding that "[a] reasonable juror could have concluded that the false statements in the Fisher Gift Letter were material" based on a witness's testimony that "had HUD known that the Petersons directly funded the down payment, HUD would not have insured the loan."); *see also United States v. Maximov*, No. CR10-822-PHX-DGC, 2011 WL 4915162, at *4 (D. Ariz. Oct. 17, 2011) ("[T]he jury must consider the decisionmaking body to which the false statement was addressed in deciding whether a misrepresentation is material."). Hence, although "a misrepresentation may be material without inducing any actual reliance," *Blixt*, 548 F.3d at 889, the line between evidence that goes to materiality as opposed to an improper defense (e.g., of the victim's lack of reliance) is less than clear.

Furthermore, the Court agrees with Defendants that a victim's knowledge of the fraud could constitute relevant impeachment evidence. If, for instance, the Government elicits testimony from a witness that he or she had in fact been deceived by the false statements, such testimony could open the door to evidence that the witness was aware the statements were false.

To the extent the Government's motion seeks to preclude impeachment evidence and evidence bearing on materiality, the Court DENIES the Government's motion. The Government's motion is otherwise GRANTED.

**B. Motion in Limine No. 2**

In its second motion in limine, the Government asks the Court to exclude "evidence and arguments that Defendants believed their conduct was lawful or had a good-faith belief that their victims would be repaid and would sustain no loss." USA Mot. at 5. Defendants oppose the motion to the extent that the Government seeks to limit Defendants' ability to introduce evidence that is probative of Defendants' intent to defraud. Yang Opp. at 2-3; *see* Wu Opp. at 1. Specifically, Defendants may seek to introduce evidence that they possessed a good faith belief that the alleged misrepresentations were true because, for instance, their expenditures and compensation were authorized. *Id.*

The Government is of course correct that "ignorance of the relevant fraud laws is no excuse." USA Mot. at 5; *see, e.g.*, *Shaw v. United States*, 137 S. Ct. 462, 468 (2016) (ignorance of whether the targeted was "property" for purposes of the bank fraud statute is no defense); *Shevlin-Carpenter Co. v. State of Minn.*, 218 U.S. 57, 68 (1910) ("[I]nnocence cannot be asserted of an action which violates existing law, and ignorance of the law will not excuse."). The Government is also correct that an "intent to repay fraudulently obtained funds is not a defense to mail fraud." *United States v. Bowman*, 81 F. App'x 104, 106 (9th Cir. 2003); *see also United States v. Olson*, 925 F.2d 1170, 1175 (9th Cir. 1991) ("What matters on this mail fraud indictment is that Olson fraudulently obtained the use of others' money. Whether he intended that the effects of his fraud be permanent or temporary has no legal relevance."); *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986) ("While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all."). After all, actual loss to a victim is not an element of mail fraud, nor is an intent to cause loss. *United States v. Hickey*, 580 F.3d 922, 930 (9th Cir. 2009).

On the other hand, Defendants are correct that they are "entitled to advance the claim that [they] did not intend to defraud the victims." *United States v. Hickey*, 580 F.3d 922, 931 (9th Cir. 2009). In particular, "[a]n honest, good faith belief in the truth of the misrepresentations may negate intent to defraud." *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986).

5

Accordingly, Defendants are entitled to argue that they lacked intent to defraud because they believed, in good faith, that any alleged misrepresentations were true. For instance, Defendants are entitled to argue that they did not misstate the true manner in which the investment monies were used because the expenditures at issue were authorized by the investment entities and served legitimate business purposes. *See* Yang Opp. at 2; Wu Opp. at 1.

On its face, however, the Government's motion only covers evidence and arguments that Defendants were ignorant of the fraud laws or had a good-faith belief that their victims would be repaid and would sustain no loss. Because such evidence is indeed legally irrelevant, the Government's motion is GRANTED. However, the Court notes that Defendants may seek to introduce evidence that their expenditures and compensation were authorized and that they possessed a good faith belief that the alleged misrepresentations were true.

### C. Motion in Limine No. 3

In its third motion in limine, the Government seeks to preclude the "introduction of improper character evidence," e.g., specific instances of a defendant's good conduct through the testimony of others. USA Mot. at 6. The Government's motion is consistent with Federal Rules of Evidence 404 and 405. Meanwhile, Defendants represent that they do not intend to introduce improper character evidence. *See* Yang Opp. at 3; Wu Opp. at 1. The motion, therefore, is GRANTED.

### D. Motion in Limine No. 4

In its fourth motion in limine, the Government seeks to preclude the introduction of hearsay evidence unless it falls within an exception identified in the Federal Rules of Evidence. USA Mot. at 6. The Government's motion is consistent with Federal Rules of Evidence 801, 802, 803, 804, and 805. Meanwhile, Defendants represent that they do not intend to introduce inadmissible hearsay evidence. *See* Yang Opp. at 3; Wu Opp. at 1. The motion, therefore, is GRANTED.

### E. Motion in Limine No. 5

In its fifth motion in limine, the Government asks that Defendants "be prohibited from eliciting their own self-serving exculpatory statements" from witness "other than themselves." USA Mot. at 6, 8. Specifically, the Government is concerned that if the Government introduces out-of-court statements of Defendants and their agents through a witness or witnesses—which is permitted by Federal Rule of Evidence 801(d)(2)—Defendants will attempt to introduce their own exculpatory statements through cross-examination of those witnesses. *Id.* at 7-8. According to the Government, any such statements would be inadmissible hearsay. Defendants object that the Government's motion is premature, for the Government has not identified any specific testimony that it seeks to exclude. Yang Opp. at 3; *see* Wu Opp. at 3. Defendants also ask the Court to recognize the common law rule of completeness, in addition to Federal Rule of Evidence 106. *See* Wu Opp. at 2; Yang Opp. at 5-6. In particular, Defendants assert that the common law rule of completeness—unlike Rule 106—applies to oral statements and permits Defendants "to introduce other parts of [a] conversation to put things in context and demonstrate state of mind." Yang Opp. at 4.

The Court agrees with the Government that Federal Rule of Evidence 801(d)(2) applies only to party-opponent statements, and would therefore not allow Defendant to introduce Defendants' out-of-court statements. Nevertheless, the Court declines to broadly rule that all of Defendants' out-of-court statements are inadmissible hearsay. The admissibility of a particular statement depends on the content of the statement and the purpose for which the party seeks to introduce that statement into evidence. Without greater context, the Court cannot say that Defendants' out-of-court statements would be hearsay, let alone that an exception to hearsay does not apply.

The Court also defers ruling on whether to apply the common law rule of completeness. Such a decision is better made when the Court has before it the particular statements and conversation at issue. Moreover, depending on the statement sought to be introduced, a decision on this issue may not be necessary to determine the statement's admissibility. As the Ninth

7

Circuit has held, "courts should not render advisory opinions upon issues which are not pressed before the court, precisely framed and necessary for decision." *United States v. Alpine Land & Reservoir Co.*, 887 F.2d 207, 214 (9th Cir. 1989).

Accordingly, the Court DENIES without prejudice the Government's motion in limine. The Government may object in due course to specific evidence submitted at trial. Defense counsel should give the Government and the Court fair warning when they believe the issue is about to present itself at trial, so the Court can address it outside the presence of the jury.

**F. Motion in Limine No. 6**

In its sixth motion in limine, the Government seeks to preclude "others did it too" evidence—i.e., evidence of "other instances of similar fraudulent schemes, perhaps highlighting cases where no criminal charges were brought." USA Mot. at 9. Defendant Yang responds that she does not intend to raise an "others did it too" defense. Yang Opp. at 7. Both Defendants object, however, that the Government's definition of "others did it too" evidence is too broad because it covers evidence of "any wrongdoing by individuals other than the defendants or co-conspirators." *Id.* (quoting USA Mot. at 9). Defendants worry that the Government would use a favorable ruling on this motion to preclude proper impeachment evidence, such as evidence of witness misconduct or untruthfulness. *Id.*; *see* Wu Opp. at 3.

At the outset, the Court distinguishes the evidence at issue in this motion in limine from that encompassed by Motion in Limine No. 8. Whereas Motion in Limine No. 8 concerns evidence of the Government's charging decisions in connection with the particular fraudulent scheme alleged in the Superseding Indictment, the instant motion concerns other, unrelated fraudulent schemes. The Court agrees with the Government that evidence of other fraudulent schemes committed by individuals with no connection to the instant case is not relevant to the guilt or innocence of Defendants. Such evidence has no tendency to show that it was less probable that Defendants engaged in the charged conduct. *See* Fed. R. Evid. 401. Instead, as another federal district court has explained, arguments or evidence that would "invite the jury to

8

Case No. 16-CR-00334-LHK
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE

question" why the Government has indicted the defendants "as opposed to other individuals who may also have committed . . . similar crimes" are "essentially claims of selective prosecution." *United States v. Stewart*, No. 03 CR.717(MGC), 2004 WL 113506 at *1 (S.D.N.Y. Jan. 26, 2004), *aff'd*, 433 F.3d 273 (2d Cir. 2006). "A selective prosecution challenge, as a defense 'based on a defect in the institution of the prosecution,' must be raised prior to trial." *United States v. Cortez*, 973 F.2d 764, 766 (9th Cir. 1992) (quoting Fed. R. Crim. P. 12(b)(1)). Here, Defendants have not raised any claim of selective prosecution.

The above reasoning, however, does not cover all evidence of "wrongdoing by individuals other than the defendants or co-conspirator." USA Mot. at 9. As Defendants argue, some of that evidence may affect witness credibility or motivation to testify and thus constitute proper impeachment evidence.

The Court therefore GRANTS the Government's motion only to the extent that it seeks to preclude arguments or evidence of other fraudulent schemes committed by individuals with no connection to the instant case. The Court DENIES the motion to the extent that it covers wrongdoing by witnesses, which may be proper impeachment evidence.

**G. Motion in Limine No. 7**

In its seventh motion in limine, the Government seeks to exclude as "irrelevant and prejudicial" "any reference to Defendants' potential sentences during all phases of the trial." USA Opp. at 10. Both Defendants' concede that, as they must, that it is inappropriate for a jury to hear or consider information about a defendant's potential punishment. Yang Opp. at 8; Wu Opp. at 4; *see United States v. Frank*, 956 F.2d 872, 878 (9th Cir. 1991) ("[I]t is inappropriate for a jury to consider or be informed of the consequences of their verdict."). Because "juries are not to consider the consequences of their verdicts," "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994).

9

Case No. 16-CR-00334-LHK
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE

Defendant Yang nevertheless contends that Yang's "subjective understanding as an immigration lawyer that making false statements on an immigration petition may amount to visa fraud and possibly result in prison sentence" is probative of whether Yang "was likely to have knowingly made false statements on immigration petitions." Yang Opp. at 8. Specifically, Defendant Yang believes she should be able to argue that, because she was an immigration lawyer, she knew that visa fraud carries a potential prison sentence and therefore would be unlikely to engage in visa fraud. But this argument is not unique to Yang's knowledge as an immigration lawyer, and it is not persuasive. For instance, a defendant in a murder case could seek to argue that his knowledge of the potential prison sentence made him unlikely to commit murder. As *Shannon* makes clear, however, the United States Supreme Court has adjudged the probative value of sentencing information to be too negligible to overcome its potential to confuse or mislead the jury. The Court therefore rejects Yang's proffered use of sentencing information.

Defendant Wu, on the other hand, opposes the motion only to the extent that it covers "subtle" references such as (1) "the defendant is facing a lot of time," (2) "the defendant's liberty is at stake in this trial," (3) "this case has serious consequences for the defendant," or (4) "your decision will have consequences for a long time to come." Yang Opp. at 7 (quoting USA Opp. at 10-11); Wu Opp. at 4. The Court agrees with Defendant Wu that not all "subtle" references to the significance of the jury's decision are covered by the general rule that a defendant may not reference his or her potential punishment. In the Court's view, the latter two examples are permitted, but the former two examples are not permitted. *See United States v. Williams*, No. 3:13-CR-00764-WHO-1, 2017 WL 4310712, at *8 (N.D. Cal. Sept. 28, 2017) (permitting the defendant to use subtle references such as "this case has serious consequences for the defendant"). However, drawing the line between acceptable references and unacceptable references is not an easy task. As a consequence, the Court rules only on the proffered examples for now. The parties are invited to seek the Court's guidance as to particular evidence or arguments in due course.

The Court therefore GRANTS the motion in part and DENIES the motion in part.

10

Case No. 16-CR-00334-LHK
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE

### H. Motion in Limine No. 8

The Government's eighth motion in limine has two parts. The Government seeks to exclude (1) "evidence or arguments related to the Government's charging decisions in this case," such as the fact "that other individuals or other transactions were not charged," or (2) evidence "of related civil litigation arising from the charged fraud scheme." USA Mot. at 11.

#### 1. Evidence of charging decisions

The Government argues that its charging decisions in this case are "irrelevant and of no probative value" under Federal Rule of Evidence 402 and, alternatively, that the danger of misleading the jury and confusing the issues outweighs the probative value of the charging decisions under Federal Rule of Evidence 403. *Id.* at 12. Defendants object that the Government's motion is premature and that the Court should reserve ruling on the admissibility of evidence regarding the Government's charging decisions. Wu Opp. at 5; Yang Opp. at 10.

As Defendants emphasize, Defendants have a constitutional right "to present a complete defense," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Incident to this right, "[t]he accused may introduce any legal evidence tending to prove that another person may have committed the crime with which the defendant is charged." *Holmes v. South Carolina*, 547 U.S. 319, 327 (2006). Pertinent here, an argument that other individuals should have been charged could be relevant to a defense that Defendants are entitled to present: that other individuals, not Defendants, committed the charged offenses. The Court is also mindful of the Second Circuit's decision in *United States v. White*, in which the court held that a district court should not have categorically "barred evidence of charging decisions." 692 F.3d 235, 245 (2d Cir. 2012). The Second Circuit admonished that "[s]uch an all or nothing approach" failed to properly consider the potential relevance of the Government's charging decisions. *Id.*

Accordingly, the Court DENIES without prejudice the motion in the limine. The Government may object to specific arguments or statements. Defense counsel should give the Government and the Court fair warning when they believe the issue is about to present itself at trial, so the Court can address it outside the presence of the jury.

11
Case No. 16-CR-00334-LHK
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE

### 2. Evidence of civil litigation

At least one individual, Weiqun Zhang, has brought a civil lawsuit in connection with the charged fraud scheme. Yang Opp. at 10; Wu Opp. at 6. The Government seeks to preclude any "mention" of this or other civil litigation, including evidence of "settlement negotiations, or any statements made in the course of such negotiations." USA Mot. at 12-13.

First, as to general evidence of the civil suit by Zhang or other alleged victims, the Government believes such evidence "regarding alternative remedies" may give jurors the impression "that the victims will be made whole via a civil recovery . . . and overlook the different aims of a criminal case." *Id.* The Government's concern is well-taken. However, as Defendants point out, the Government has identified Zhang as a potential witness on its witness list. ECF No. 154. The Ninth Circuit has made clear that "[a] defendant may ordinarily cross examine a prosecution witness to prove bias by proving that the witness is suing him." *United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999). Indeed, the *Harris* court held that it was an abuse of discretion for the district judge to prevent the defendant from questioning the witness about the amount of money for which the witness was suing the defendant. *Id.* (affirming as harmless error). Hence, if the Government calls Zhang as a witness at a trial, Defendants will be entitled to at least question him about the existence and amount of his civil suit. The Government's motion to exclude all mention of civil litigation against the Defendants is, therefore, DENIED without prejudice.

Second, as to settlement negotiations, the Government contends that Federal Rule of Evidence 408(a) prohibits "evidence of statements made in compromise negotiations." USA Mot. at 13. What the Government fails to recognize, though, is that the admissibility of settlement negotiations depends on the purpose for which the evidence is offered. Rule 408(a) only bars evidence of settlement negotiations "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." In fact, Rule 408(b) specifically permits a court to admit evidence of settlement negotiations for purposes "such as proving a witness's bias or prejudice." The Court notes that there is some tension between barring

12

ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE

settlement negotiations "to impeach by a prior inconsistent statement or a contradiction" and admitting settlement negotiations to prove "a witness's bias or prejudice." For these reasons, the Court must have the particular statement before it in order to rule on the admissibility of the statement under Rule 408. The Government's motion to exclude all settlement statements made in course of any related civil suit is, therefore, DENIED without prejudice.

### I. Motion in Limine No. 9

In its ninth motion in limine, the Government asks the Court to take judicial notice that certain financial institutions are insured by the FDIC, "should the government make a sufficient factual showing." USA Mot. at 14. The Court agrees with Defendant Yang that this request is premature. After all, the Government has not yet identified the relevant financial institution or institutions, let alone made the factual showing that the Government says it intends to make. Accordingly, the Court DENIES without prejudice Motion in Limine No. 9. The Government may renew its request at an appropriate time.

### J. Motion in Limine No. 10

In its tenth motion in limine, the Government asks for a ruling that the Defendants' tax returns are admissible on three independent grounds: (1) as direct evidence of Defendants' fraudulent scheme and money laundering; (2) to show Defendants' "knowledge, intent, motive and lack of mistake regarding the scheme and money laundering," pursuant to Federal Rule of Evidence 404(b); and (3) as impeachment evidence. USA Mot. at 14-15.

The Government's motion in limine also implicates Defendant Yang's Motion in Limine No. 3 to Exclude Government 404(b) Evidence, ECF No. 170 ("Yang Mot. No. 3"), and Defendant Wu's Motion in Limine to Exclude Rule 404(b) Evidence Regarding Tax Returns, ECF No. 174 ("Wu Mot."). In those motions, Defendants argue that their tax returns are not admissible pursuant to Rule 404(b). The Court addresses all three motions as set out below.

#### 1. Direct evidence

As part of the charged scheme, Defendants are alleged to have "diverted a substantial

13

Case No. 16-CR-00334-LHK
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE

portion of investor money for their own personal use, including to pay down their credit cards, purchase a home, and pay for luxury vehicles." ECF No. 190 ("USA Opp.") at 3. The Government seeks to introduce Defendants' tax returns to show Defendants' "purported legitimate and claimed income during the relevant years," which the Government can then contrast with Defendants' expenditures during those years. USA Mot. at 14. That is, the Government believes "the tax returns will establish that the defendants spent monies that far exceeded what they claimed in income." *Id.* at 15. Per the Ninth Circuit's decision in *United States v. Ordonez*, this is a legitimate use of a defendant's tax returns. 737 F.2d 793, 811 (9th Cir. 1983). In *Ordonez*, "[t]he tax returns showed an annual income of between $18,000 and $26,000." *Id.* As the Ninth Circuit explained, "[t]he jury could properly infer from this evidence that the large sums paid on house rentals in 1981 must have come from an illegal source." *Id.* The Ninth Circuit came to a similar conclusion in *United States v. Jae Shik Cha*, an unpublished disposition. 97 F.3d 1462 (9th Cir. 1996). There, the defendant's tax returns, "showing insufficient legitimate income to support the $4.5 million laundered through the Hong Kong account, were offered to show that the money came from drug transactions." *Id.* The Ninth Circuit affirmed. *Id.*

In accordance with these precedents, the Court approves of the Government's proffered use of Defendants' tax returns. Nevertheless, the Court is not prepared to rule that all of Defendants' tax returns are admissible. According to Defendants, the Government's exhibit list includes over 500 pages of tax returns. Yang Opp. at 11; Wu Opp. at 8. Due to the volume of the tax returns, the Court will defer its ruling until the Government determines precisely which documents the Government will introduce at trial for the purpose of showing that Defendants "spent monies that far exceeded what they claimed in income." USA Mot. at 15. At that point, Defendants may object that the evidence is (1) not relevant, Yang Mot. No. 3 at 2, or (2) "highly prejudicial, in that any allegations of mistakes or impropriety in filing of tax records would necessarily be construed as propensity for illegal or improper behavior," Wu Mot. at 3.

**2. Rule 404(b) evidence**

14
Case No. 16-CR-00334-LHK
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE, DEFENDANT YANG'S MOTION IN LIMINE NO. 3, AND DEFENDANT WU'S MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE

The Government also contends that the tax returns are admissible under Federal Rule of Evidence 404(b), under which evidence of "other acts" may be admissible to prove, among other things, "motive, opportunity, intent," "knowledge," or "lack of mistake." Fed. R. Evid. 404(b)(2). In support of its motion, the Government cites *United States v. Fuchs*, in which the Ninth Circuit held that the district court properly admitted the defendant's tax returns to show that the defendant failed to report certain income. 218 F.3d 957, 965 (9th Cir. 2000). The Ninth Circuit said that "[p]roof that Reagan attempted to hide income that he received as a result of the exchange program could reasonably indicate that he knew the program was unlawful." *Id.* In other words, tax returns may be admissible to show "knowledge" under Rule 404(b). *Id.* The Court therefore denies Defendants' motions to the extent they ask the Court to hold that the tax returns are inadmissible under Rule 404(b).

The Court also denies the Government's request to find the tax returns admissible under Rule 404(b), however. The Government does not specify which tax returns it seeks to use to "show the defendants' knowledge," and does not explain how the tax returns show "intent, motive, and lack of mistake regarding the scheme and money laundering." USA Mot. at 15. Accordingly, although the Court acknowledges that the tax returns may be admissible under Rule 404(b), the Court defers ruling on any particular document at this stage. Again, Defendants may raise Rule 403 objections to specific evidence at trial.

### 3. Impeachment evidence

Finally, the Government indicates that, "if the defendants testify at trial, the government may impeach them with their tax returns." USA Mot. at 15-16. Specifically, the Government says that it may use the tax returns to impeach "any offered testimony . . . that certain accounting and income-reporting entries he or she made were legitimate or accurate." *Id.* at 16. The Court agrees that the tax returns may constitute proper impeachment evidence. *See United States v. Rubio-Estrada*, 857 F.2d 845, 850 (1st Cir. 1988) (defendant's tax return was admissible to impeach his testimony that the transactions in a ledger seized in his house were legitimate).

15

Because it is premature to admit any particular document as impeachment evidence, however, the Court DENIES without prejudice the Government's motion in limine.

### 4. Summary

Accordingly, the Court DENIES without prejudice all three motions: the Government's tenth motion in limine, Defendant Yang's Motion in Limine No. 3 to Exclude Government 404(b) Evidence, and Defendant Wu's Motion in Limine to Exclude Rule 404(b) Evidence Regarding Tax Returns. The Court will adhere to the principles set forth in this order in ruling on specific proffers of evidence or objections thereto.

## III. CONCLUSION

For the foregoing reasons, the Court rules on the Government's motions in limine as follows:

- Motion in Limine No. 1: DENIED as to impeachment evidence and evidence bearing on materiality. Otherwise, GRANTED.
- Motion in Limine No. 2: GRANTED.
- Motion in Limine No. 3: GRANTED.
- Motion in Limine No. 4: GRANTED.
- Motion in Limine No. 5: DENIED without prejudice.
- Motion in Limine No. 6: GRANTED as to evidence of other fraudulent schemes committed by individuals with no connection to the instant case, but DENIED as to wrongdoing by witnesses in the instant case.
- Motion in Limine No. 7: DENIED as to the statements "this case has serious consequences for the defendant," and "your decision will have consequences for a long time to come." Otherwise, GRANTED.
- Motion in Limine No. 8: DENIED without prejudice.
- Motion in Limine No. 9: DENIED without prejudice.
- Motion in Limine No. 10: DENIED without prejudice.

The Court also DENIES without prejudice Defendant Yang's Motion in Limine No. 3 to Exclude Government 404(b) Evidence and Defendant Wu's Motion in Limine to Exclude Rule 404(b) Evidence Regarding Tax Returns.

**IT IS SO ORDERED.**

Dated: October 25, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge