UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 16-CR-00334-LHK |
|---|---|
| Plaintiff, | **ORDER GRANTING AMENDED ADMINISTRATIVE MOTION TO SEAL** |
| v. | |
| JENNIFER YANG & DANIEL WU, | Re: Dkt. No. 196 |
| Defendants. | |

On October 15, 2019, Defendant Jennifer Yang filed two motions to dismiss portions of the superseding indictment (ECF Nos. 163, 165), which Defendant Daniel Wu joined (ECF No. 175, 176). In connection with those motions to dismiss, Defendants filed a request for judicial notice, which contained various exhibits. ECF No. 164. Because those exhibits apparently contained personally identifiable information of alleged victims, Defendants subsequently moved to remove the original exhibits (ECF No. 181) and refiled redacted versions of the exhibits (ECF No. 182). In this district, however, parties are not permitted to redact information without court order, so the Court ordered Defendants to file an administrative motion to seal. ECF No. 187.

The Court denied Defendants' first administrative motion to seal (ECF No. 194) for failure to comply with the requirements of Criminal Local Rule 56-1. ECF No. 195. Defendants have

1
Case No. 16-CR-00334-LHK-1
ORDER GRANTING AMENDED ADMINISTRATIVE MOTION TO SEAL

refiled the administrative motion to seal, and it is now before the Court. ECF No. 196.

"The law recognizes two qualified rights of access to judicial proceedings and records." *United States v. Doe*, 870 F.3d 991, 996–97 (9th Cir. 2017) (internal quotation marks and alterations omitted). "There is 'a First Amendment right of access to criminal proceedings' and documents therein." *Id.* (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8, (1986) [hereinafter *Press-Enter. II*]). "There is also a common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Although both rights provide for "a strong presumption in favor of access," the First Amendment right of access is "generally understood to provide a stronger right of access than the common law." *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1194, 1197 n.7 (9th Cir. 2011); *see Doe*, 870 F.3d at 997. The presumption afforded by the First Amendment right of access can be overcome only "by a compelling governmental interest" that "is narrowly tailored to serve that interest." *Id.* (quoting *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 509–10 (1984) [hereinafter *Press-Enter. I*]).

A presumption of access only obtains, of course, if the First Amendment right of access or the common law right of access applies to the documents at issue in a particular case. Therefore, courts often begin their inquiry by determining whether either right applies to the documents at issue. *Custer Battlefield Museum & Store*, 658 F.3d at 1192. In the instant case, however, the Court need not do so. The Court assumes without deciding that the stronger First Amendment right of access applies, but that any resulting presumption of openness has been rebutted by Federal Rule of Criminal Procedure 49.1. *See Doe*, 870 F.3d at 998.

As relevant here, Federal Rule of Criminal Procedure 49.1 authorizes courts to redact certain personally identifiable information. Specifically, Rule 49.1 provides that court filings may include only:

> (1) the last four digits of the social-security number and taxpayer-identification number;

2

Case No. 16-CR-00334-LHK-1
ORDER GRANTING AMENDED ADMINISTRATIVE MOTION TO SEAL

(2) the year of the individual's birth;

(3) the minor's initials;

(4) the last four digits of the financial-account number; and

(5) the city and state of the home address.

Fed. R. Crim. P. 49.1(a). In other words, Rule 49.1 instructs that the remainder of an individual's social-security number, financial-account numbers, date of birth, or address should be redacted in court filings. Having reviewed the unredacted version of the exhibits, the Court is satisfied that Defendants seek only to seal material that falls within these categories of personally identifiable information.

Therefore, as set out in the below table, the Court GRANTS the administrative motion to seal.

| Document | Page/Line | Ruling |
|---|---|---|
| Exhibit A to Defendant Jennifer Yang's Amended Request for Judicial Notice in Support of Defendant Jennifer Yang's Motion to Dismiss Counts Two, Three, Four, and Five of the Superseding Indictment (ECF No. 182) | The months and days of two dates of birth and the first five digits of a Social Security number on US-013137 | GRANTED. |
| Exhibit A to Defendant Jennifer Yang's Amended Request for Judicial Notice in Support of Defendant Jennifer Yang's Motion to Dismiss Counts Two, Three, Four, and Five of the Superseding Indictment (ECF No. 182) | The months and days of two dates of birth and the first five digits of a social security number of US-013138 | GRANTED. |
| Exhibit A to Defendant Jennifer Yang's Amended Request for Judicial Notice in Support of Defendant Jennifer Yang's Motion to Dismiss Counts Two, Three, Four, and Five of the Superseding Indictment (ECF No. 182) | The month and day of a date of birth on US-013139 | GRANTED. |

| Document | Page/Line | Ruling |
|-|-|-|
| Exhibit A to Defendant Jennifer Yang's Amended Request for Judicial Notice in Support of Defendant Jennifer Yang's Motion to Dismiss Counts Two, Three, Four, and Five of the Superseding Indictment (ECF No. 182) | The house number and street portion of a home address on US-013141 | GRANTED. |
| Exhibit B to Jennifer Yang's Amended Request for Judicial Notice in Support of Defendant Jennifer Yang's Motion to Dismiss Counts Two, Three, Four, and Five of the Superseding Indictment (Dkt. 182) | The month and day of a date of birth and the first five digits of a Social Security number on US-008721 | GRANTED. |
| Exhibit C to Jennifer Yang's Amended Request for Judicial Notice in Support of Defendant Jennifer Yang's Motion to Dismiss Counts Two, Three, Four, and Five of the Superseding Indictment (Dkt. 182) | The month and day of a date of birth on US-015164 | GRANTED. |
| Exhibit C to Jennifer Yang's Amended Request for Judicial Notice in Support of Defendant Jennifer Yang's Motion to Dismiss Counts Two, Three, Four, and Five of the Superseding Indictment (Dkt. 182) | A home address on US-015166 | GRANTED. |
| Exhibit C to Jennifer Yang's Amended Request for Judicial Notice in Support of Defendant Jennifer Yang's Motion to Dismiss Counts Two, Three, Four, and Five of the Superseding Indictment (Dkt. 182) | Four bank account numbers on US-015173 | GRANTED. |

**IT IS SO ORDERED.**

Dated: October 25, 2019

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge