UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. JENNIFER YANG and DANIEL WU, Defendants. | Case No. 16-CR-00334-LHK-1 **ORDER DENYING MOTION TO DISMISS COUNTS TWO, THREE, FOUR, AND FIVE; MOTION TO DISMISS COUNTS SEVEN AND EIGHT** Re: Dkt. Nos. 163, 165, 182, 212 |
|---|---|

Before the Court are Defendant Jennifer Yang's ("Yang") motion to dismiss Count Two, Three, Four, and Five of the Superseding Indictment, ECF No. 163, and Yang's motion to dismiss Counts Seven and Eight of the Superseding Indictment, ECF No. 165. Having considered the filings of the parties, the relevant law, and the record in this case, the Court DENIES Yang's motion to dismiss Counts Two, Three, Four, and Five of the Superseding Indictment. The Court also DENIES Yang's motion to dismiss Counts Seven and Eight of the Superseding Indictment.

## I. BACKGROUND

### A. Factual Background

The Court takes the following facts from the Superseding Indictment, as required on a

1

Case No. 16-CR-00334-LHK-1
ORDER DENYING MOTION TO DISMISS COUNTS TWO, THREE, FOUR, AND FIVE; MOTION TO DISMISS COUNTS SEVEN AND EIGHT

motion to dismiss an indictment for failure to state an offense. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.").

### 1. The EB-5 Visa Program

The EB-5 visa program permits foreigners and their immediate family members to obtain a path to Lawful Permanent Residency ("LPR") in the United States by investing $1,000,000 in a commercial enterprise. ECF No. 4 ("SI") ¶ 9. The investment need only be $500,000 if it is invested in certain geographic areas with low employment rates. *Id.* After two years in the EB-5 visa program, if the investor's commercial enterprise creates ten or more jobs, United States Citizen and Immigration Services ("USCIS") will lift the restrictions on the investor's temporary residency status and grant the foreigner and her immediate family full LPR status. *Id.* ¶ 11.

One way to participate in the EB-5 visa program is through the creation of New Commercial Enterprises ("NCE"), which is defined as an investment in a new or existing business that generates new jobs in the United States. *Id.* ¶ 12. USCIS permits multiple investors to invest in the same NCE for the purposes of the EB-5 visa program. *Id.* However, the job creation requirement remains the same for each investor. *Id.* Thus, if two individual investors opt to invest in the same NCE, a total of twenty jobs must be created in order to satisfy the EB-5 visa program's job creation requirement. *Id.*

The first step to apply for an EB-5 visa is to submit a form I-526, Immigrant Petition by Alien Investor. *Id.* ¶ 13. The form I-526 requires the name and biographical data of the proposed investor; the name, address, and description of the investor's commercial enterprise; the date and amount of investment; and the investor's job title and duties. *Id.*

The form I-526 also requires supporting documentation, such as evidence that the investor has, among other things, established a lawful business entity and invested, or is actively in the process of investing, the required capital. *Id.* ¶ 14. Additionally, the investor must provide

2

evidence that the enterprise will create at least ten full-time positions, as defined by USCIS. *Id.* Finally, the investor must provide evidence that the investor will be engaged in the management of the commercial enterprise. *Id.* The form I-526 requires the investor to "certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it is all true and correct." *Id.* ¶ 15.

Upon approval of the I-526 petition, the investor must then file a form I-485, Application for Conditional Permanent Residency Status. *Id.* ¶ 16. The form I-485 confers conditional permanent residency status to the investor, and this conditional permanent residency status lasts for two years. *Id.* Within 90 days of the second anniversary of the date that the investor received conditional permanent residency status, the investor must finally file a form I-829, Petition by Entrepreneur to Remove Conditions. *Id.*

The form I-829 requests that USCIS grant LPR status to the investor. *Id.* Similar to the form I-526, the form I-829 requires the name and biographical data of the investor; the name of the investor's immediate family members that will receive LPR status; the date and amount of the investment; and the number of jobs created by the investor. *Id.*

The form I-829 requires supporting documentation such as evidence that the commercial enterprise exists and was maintained through the period of the investor's conditional permanent residency status. *Id.* ¶ 17. The investor must also provide evidence of the number of the full-time employees of the commercial enterprise when the investment was first made, and the number of full-time employees of the commercial enterprise when the form I-829 was submitted. *Id.* This proof can consist of documents such as I-9s and W-2s. *Id.* The form I-829 is subject to the same penalty of perjury provision as the form I-526. *Id.* ¶ 18.

**2. The Alleged Schemes**

Yang was a resident of Palo Alto, California, and a licensed attorney since 2004. *Id.* ¶ 1. Daniel Wu ("Wu") was a resident of Las Vegas, Nevada and before that, San Mateo, California. *Id.* ¶ 2. Yang and Wu were married in 1993 and lived as husband and wife until 1998. *Id.*

3

Since approximately 2007, Yang held herself out as a legal specialist for individuals interested in applying to the EB-5 visa program. *Id.* ¶ 19. Yang founded, owned, and served as control person of Capital Law Group, LLP ("CLG"), a law firm located in Palo Alto, California. *Id.* ¶ 3. CLG represented individuals seeking benefits under the EB-5 visa program. *Id.*

Yang and Wu possessed ultimate authority over four entities: (1) 1-855-Lawyers, Inc., (2) 81 Law, Inc., (3) 81 Doc, Inc., and (4) Searchcaser, Inc. *Id.* ¶ 20. Yang and Wu also controlled the bank accounts associated with these four entities. *Id.* Through their control of CLG and the four entities, Yang and Wu allegedly filed petitions connected to the EB-5 visa program for at least seven different investors. *Id.* ¶ 21. In exchange, Yang and Wu allegedly received at least $4,000,000 for the stated purpose of investments into NCEs. *Id.* Yang also allegedly generated legal fees of nearly $150,000. *Id.*

### a. The Alleged Visa and Mail Fraud Scheme

From around 2007 to at least 2016, Yang and Wu allegedly orchestrated a scheme to submit fraudulent documents to the United States in connection with the EB-5 visa program in order to obtain money from investors. *Id.* ¶ 22. In connection with the scheme, Yang and Wu allegedly created and submitted fraudulent records of purported NCE employees. *Id.* These records contained the fraudulent use of personal identifying information of third parties designed to satisfy the EB-5 visa program's job creation requirement based on jobs that did not actually exist. *Id.* These records also misstated the nature of underlying investments, which in some cases flowed to Yang and Wu for their personal benefit. *Id.*

As part of the scheme, Yang and Wu allegedly submitted forms I-526 and I-829 containing false statements about the nature of NCEs and the NCEs' number of employees. *Id.* ¶ 23. Yang and Wu also allegedly submitted fraudulent I-9s, fraudulent Quarterly Wage Reports to the California Employment Development Department, and fraudulent W-2s as part of the I-526 and I-829 petitions. *Id.* ¶¶ 23–25.

In order to satisfy the requirements of the EB-5 visa program, Yang and Wu allegedly

commingled and double-counted employees associated with the NCEs that Yang and Wu controlled. *Id.* ¶ 26. Further, Yang and Wu commingled investment funds associated with the NCEs that Yang and Wu controlled in order to misrepresent the NCEs' economic health. *Id.* ¶ 29. Yang and Wu also misrepresented the nature of employment positions associated with these NCEs. *Id.* ¶ 27. With respect to one of the purported NCEs, Searchcaser, Inc., Yang and Wu falsely claimed that Searchcaser, Inc. had secured a business relationship with an internationally known university in Santa Clara County. *Id.* ¶ 28. Finally, Yang and Wu transferred funds that had been provided by investors to serve as investment capital for the EB-5 visa program to personal bank accounts. *Id.* ¶ 30.

### b. The Alleged Identity Fraud Scheme

In addition to the foregoing, Yang and Wu allegedly misappropriated the identities of third parties in order to fulfill the job creation requirements for the EB-5 visas. *Id.* ¶ 31. As part of this scheme, Yang and Wu allegedly reported to the United States fictitious W-2s and I-9s that falsely indicated that certain individuals worked for one or more of the NCEs. *Id.* Yang and Wu also allegedly falsely reported to the United States "phony stock options" purportedly paid by the NCEs to certain individuals. *Id.*

### B. Procedural History

On July 28, 2016, a grand jury in the Northern District of California returned an indictment that charged Yang with three counts: (1) visa fraud, 18 U.S.C. § 1546, (2) mail fraud, 18 U.S.C. § 1341, and (3) aggravated identity theft, 18 U.S.C. § 1028A. ECF No. 1.

On October 12, 2017, a grand jury in the Northern District of California returned the instant Superseding Indictment that charges Yang with ten counts. SI ¶¶ 32–42. Count One alleges a conspiracy to commit visa fraud, mail fraud, aggravated identity theft, and to defraud the United States. *Id.* ¶¶ 32–34. Counts Two, Three, and Four allege visa fraud, 18 U.S.C. § 1546(a). *Id.* ¶¶ 35–36. Counts Five and Six allege mail fraud, 18 U.S.C. § 1341. *Id.* ¶¶ 37–38. Counts Seven and Eight allege aggravated identity theft, 18 U.S.C. § 1028A. *Id.* ¶¶ 39–40. Finally,

5

Case No. 16-CR-00334-LHK-1
ORDER DENYING MOTION TO DISMISS COUNTS TWO, THREE, FOUR, AND FIVE; MOTION TO DISMISS COUNTS SEVEN AND EIGHT

Counts Nine and Ten allege money laundering, 18 U.S.C. § 1957. *Id.* ¶¶ 41–42. The Superseding Indictment also charges Wu with each of the foregoing Counts except for Counts Nine and Ten. *Id.* ¶¶ 32–40.

Yang filed the instant motion to dismiss Counts Two, Three, Four, and Five of the Superseding Indictment on October 15, 2019. ECF No. 163. In support of this motion, Yang filed a request for judicial notice on October 16, 2019. ECF No. 182. Wu moved to join the motion to dismiss Counts Two, Three, Four, and Five of the Superseding Indictment on October 16, 2019. ECF No. 175. The Government filed an opposition to the motion to dismiss Counts Two, Three, Four, and Five of the Superseding Indictment on October 25, 2019, ECF No. 198, and Yang filed a reply on October 29, 2019, ECF No. 211. Yang filed a request for judicial notice in support of her reply on October 29, 2019. ECF No. 212.

Yang also filed the instant motion to dismiss Counts Seven and Eight of the Superseding Indictment on October 15, 2019. ECF No. 165. The Government filed an opposition to the motion to dismiss Counts Seven and Eight of the Superseding Indictment on October 25, 2019, ECF No. 199, and Yang filed a reply on October 29, 2019, ECF No. 211. Wu moved to join the motion to dismiss Counts Seven and Eight of the Superseding Indictment on October 16, 2019. ECF No. 176.

## II. LEGAL STANDARD

### A. Motion to Dismiss an Indictment

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, a court must accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." *Boren*, 278 F.3d at 914. "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id.* A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact."

6

*United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986).

**III. DISCUSSION**

Across the two instant motions to dismiss, Yang argues that Counts Two, Three, Four, Five, Seven, and Eight of the Superseding Indictment should all be dismissed for failure to state an offense. Specifically, with respect to Counts Two, Three, and Four, Yang asserts that various forms I-526 and I-829 and supporting letters show that Yang did not commit visa fraud. ECF No. 163 at 4–5. With respect to Count Five, Yang argues that the Superseding Indictment fails to allege an offense because Count Two is invalid. *Id.* at 5. Finally, with respect to Counts Seven and Eight, Yang claims that the Government's "potential theories" fail to satisfy two necessary elements of aggravated identity theft. ECF No. 165 at 7–8. The Court considers these arguments in turn.

**A. Counts Two, Three, and Four of the Superseding Indictment**

Counts Two, Three, and Four of the Superseding Indictment charge Yang with the offense of visa fraud, 18 U.S.C. § 1546(a). SI ¶¶ 35–36. Yang argues that Counts Two, Three, and Four of the Superseding Indictment fail to state an offense. With respect to Counts Two and Four, Yang claims that "Yang did not sign, attest, or otherwise make any statements in the Forms I-829 or letters" underlying these Counts. ECF No. 163 at 4. With respect to Count Three, Yang argues that while Yang did sign the "Form I-526 and the letter in support, she did not sign either document under oath or penalty of perjury." *Id.* According to Yang, these facts compel the Court to dismiss Counts Two, Three, and Four of the Superseding Indictment. *Id.*

The Government responds that Yang's argument requires the Court to improperly "resolve an evidentiary question" and that, in any event, there are hundreds of pages of additional evidence associated with Counts Two, Three, and Four that Yang fails to address. ECF No. 198 at 5–6. For the reasons stated below, the Court agrees with the Government.

The visa fraud statute, 18 U.S.C. § 1546(a) provides in pertinent part: "Whoever

7

Case No. 16-CR-00334-LHK-1
ORDER DENYING MOTION TO DISMISS COUNTS TWO, THREE, FOUR, AND FIVE; MOTION TO DISMISS
COUNTS SEVEN AND EIGHT

knowingly makes under oath, or as permitted under penalty of perjury . . . knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws . . . [is guilty of visa fraud]." 18 U.S.C. § 1546(a).

Yang claims that Counts Two, Three, and Four of the Superseding Indictment are "based on two I-829 petitions and one I-526 petition." ECF No. 163 at 3. According to Yang, these petitions concern three individuals: Shengliang Yang, Weiqun Zhang, and Yan Zhao. *Id.* Yang therefore requests that the Court take judicial notice of several documents related to these three individuals' petitions, namely the forms I-829 and I-526 and the letters submitted in support of the petitions. *Id.* at 2 n.1. According to Yang, the content of these documents shows that Yang did not violate the visa fraud statute, and the Court should therefore dismiss Counts Two, Three, and Four for failure to state the offense of visa fraud. *Id.* at 4.

Yang misapprehends the scope of a Rule 12(b)(3)(B)(v) motion to dismiss an indictment for failure to state an offense. As the Ninth Circuit has explained, "[i]n ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Boren*, 278 F.3d at 914. "The indictment either states an offense or it doesn't." *Id.* Accordingly, the Court "should not consider evidence not appearing on the face of the indictment." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Marra*, 481 F.2d 1196, 1199–1200 (6th Cir. 1973)).

The forms I-829 and I-526 and letters of support that Yang cites obviously constitute evidence "not appearing on the face of the indictment." *Jensen*, 93 F.3d at 669. In connection with Counts Two, Three, and Four, the Superseding Indictment only briefly references the "I-829 Petition and Supporting Documents for Investor S.Y.," the "I-526 Petition and Supporting Documents for Investor W.Z.," and the "I-829 Petition and Supporting Documents for Y.Z." SI ¶ 36. The documents themselves are never reproduced in the Superseding Indictment. Thus, Yang's entire argument that Counts Two, Three, and Four fail to state an offense is improperly based on evidence "not appearing on the face of the indictment." *Jensen*, 93 F.3d at 669. Indeed,

8

Yang herself affirmatively *concedes* that these documents rest outside the "four corners of the indictment" because Yang asserts that the Court must take judicial notice of the documents in order to consider them. ECF No. 163 at 2 n.1; Fed. R. Evid. 201(b)(2). Thus, it is entirely improper for the Court to consider any of these documents on a motion to dismiss an indictment for failure to state an offense. *Jensen*, 93 F.3d at 669. For the foregoing reasons, the Court also DENIES Yang's requests for judicial notice. *See, e.g.*, *United States v. Kail*, 2018 WL 6511154, at *2 (N.D. Cal. Dec. 11, 2018) (finding "request for judicial notice of search warrant affidavits in support of [defendant's] motion to dismiss outside 'the four corners of the indictment,' and thus outside the appropriate scope of the Court's present inquiry" on motion to dismiss indictment).

Yang also argues that "the petitions are incorporated by reference into the indictment as they are referred to specifically and form the basis for Counts Two, Three, [and] Four." ECF No. 163 at 2 n.1. As an initial matter, the incorporation by reference doctrine appears to be confined to civil cases. *See, e.g.*, *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (purpose of incorporation by reference doctrine is to prevent "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"). In any event, the Superseding Indictment never names the three individuals associated with Yang's proffered documents, so it is not possible to say that the Superseding Indictment "refers extensively" to the documents or that the documents "form the basis" of the Superseding Indictment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (outlining requirements). Here, the Superseding Indictment refers to the alleged victims of the visa fraud crimes by initials only. Yang's proffer of specific identities for these individuals is based on information not appearing on the face of the Superseding Indictment, which further confirms that consideration of Yang's documents is improper on a motion to dismiss.

In any event, Yang concedes that there are "hundreds of pages" of "voluminous" documents that comprise the three I-829 and I-526 petitions Yang references. ECF No. 163 4 n.3. Yet Yang's motion to dismiss Counts Two, Three, and Four of the Superseding Indictment relies

9

only on a small subset of those documents. Even if the Court *could* look beyond "the four corners of the indictment," it is unclear why the Court should determine whether an offense has been stated based on Yang's selected few documents. To the extent that Yang implicitly argues that documents other than the forms I-829 and I-526 and supporting letters cannot serve as the basis of visa fraud, Yang cites no case law for this novel proposition. *See also United States v. Gupta*, 2008 U.S. Dist. LEXIS 30593, at *8 (S.D.N.Y. Mar. 24, 2008) ("Applications and documents that are 'required by the immigration laws' are obviously those that one would expect to be submitted to the competent governmental authorities entrusted by law with the administration of immigration matters.").

Accordingly, the Court DENIES Yang's motion to dismiss Counts Two, Three, and Four of the Superseding Indictment. The Court now proceeds to consider Yang's motion to dismiss Count Five of the Superseding Indictment.

### B. Count Five of the Superseding Indictment

Count Five of the Superseding Indictment charges Yang with the offense of mail fraud, 18 U.S.C. § 1341. SI ¶¶ 37–38. Yang claims that "the mail fraud charges are based on the same allegations as the visa fraud charges." ECF No. 163 at 6. Yang's sole argument for dismissal of Count Five is that Count Five is "infected with the same defects as Count Two, and should be dismissed for the same reasons." *Id.* As discussed *supra*, however, Yang's motion to dismiss Counts Two, Three, and Four fails. Accordingly, the Court also DENIES Yang's motion to dismiss Count Five of the Superseding Indictment.

Finally, the Court proceeds to consider Yang's argument that Counts Seven and Eight must be dismissed for failure to state an offense.

### C. Counts Seven and Eight of the Superseding Indictment

Counts Seven and Eight of the Superseding Indictment charge Yang with the offense of aggravated identity theft, 18 U.S.C. § 1028A. SI ¶¶ 39–40. Finally, Yang argues that Counts Seven and Eight of the Superseding Indictment should be dismissed for failure to state an offense.

ECF No. 165 at 4. Yang asserts that the Ninth Circuit recently adopted a reading of the "use" requirement in the aggravated identity theft statute, 18 U.S.C. § 1028A(a)(1), that renders Counts Seven and Eight inadequate as a matter of law. *Id.* at 6; *see United States v. Hong*, 938 F.3d 1040, 1050–51 (9th Cir. 2019). In support of this argument, Yang points to various theories that Yang "understands the government to" be likely to assert at trial. *Id.* at 6, 7. Yang claims that these theories do not satisfy the aggravated identity theft statute's "use" element or the requirement that the aggravated identity theft occur "during and in relation to" another felony. *Id.* The Government responds that because Yang's motion focuses on the Government's possible trial theories, the motion is premature, and that a Rule 12(b)(3)(B)(v) motion must be limited to the allegations contained within the indictment itself. ECF No. 199 at 4.

The Court agrees with the Government. Yang's motion to dismiss Counts Seven and Eight fails because the Superseding Indictment sufficiently alleges the elements that Yang challenges.

The aggravated identity theft statute, 18 U.S.C. § 1028A(a)(1), prohibits "us[ing], without lawful authority, a means of identification of another person" "during and in relation to" another felony, including mail fraud. 18 U.S.C. § 1028A(a)(1). Violation of the aggravated identity theft statute results in a two-year sentence in addition to the punishment imposed by the related felony. *Id.*

Yang's motion to dismiss Counts Seven and Eight of the Superseding Indictment focuses on two elements of the aggravated identity theft statute: (1) the "use" requirement, and (2) the requirement that a defendant perform the aggravated identity theft "during and in relation to" another felony. ECF No. 165. With respect to the first element, Yang notes that the Ninth Circuit recently construed the "use" requirement to mean that a defendant must "attempt to pass him or herself off as another person or purport to take some other action on another person's behalf." *United States v. Hong*, 938 F.3d 1040, 1051 (9th Cir. 2019) (quoting *United States v. Berroa*, 856 F.3d 141, 156 (1st Cir. 2017)); ECF No. 165 at 6–9. With respect to the second element, Yang acknowledges that the Ninth Circuit has not yet addressed the meaning of the requirement that the

11
Case No. 16-CR-00334-LHK-1
ORDER DENYING MOTION TO DISMISS COUNTS TWO, THREE, FOUR, AND FIVE; MOTION TO DISMISS COUNTS SEVEN AND EIGHT

aggravated identity theft occur "during and in relation to" another felony. *Id.* at 7–9. However, Yang points to Sixth Circuit case law to argue that in order to satisfy this second element, the government must show that the identity theft "further[ed] or facilitate[d]" the related felony—in the instant case, mail fraud. *Id.*; *see United States v. Michael*, 882 F.3d 624, 628 (6th Cir. 2018) (holding that for aggravated identity theft, "[t]he salient point is whether the defendant used the means of identification to further or facilitate" the related felony).

Yang claims that the Government does not meet these two elements of aggravated identity theft. However, Yang's argument veers far afield of the Superseding Indictment. Indeed, Yang's motion to dismiss Counts Seven and Eight of the Superseding Indictment focuses on the government's "potential theories" related to these two Counts. ECF No. 165 at 7. Accordingly, Yang's motion is awash with speculation about the Government's possible trial evidence. Yang describes, and then attempts to rebut, what the government "apparently will argue," what the government "may" argue, what the Government "may also" argue, and what Yang "understands the government" to intend to argue. *Id.* at 6–8.

Put simply, "potential theories" in support of the Superseding Indictment are outside the scope of a Rule 12(b)(3)(B)(v) motion to dismiss. As explained in the foregoing, *supra* Section III.A, a motion to dismiss an indictment for failure to state an offense requires the Court to look to "the four corners of the indictment." *Boren*, 278 F.3d at 914 (9th Cir. 2002). "The indictment either states an offense or it doesn't." *Id.* Furthermore, the Ninth Circuit has repeatedly explained that "an indictment setting forth the elements of the offense is generally sufficient" to survive a motion to dismiss. *United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004); *see also United States v. Woodruff*, 50 F.3d 673, 676 ("In the Ninth Circuit, 'the use of a 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished.'").

In the instant case, the Superseding Indictment sufficiently alleges the two elements of

aggravated identity theft that Yang challenges. Counts Seven and Eight specifically alleges that Yang "did knowingly use" the identities of third parties, and that Yang used these identities "during and in relation to" mail fraud, as required by the statute. SI ¶ 40. This is sufficient to survive a motion to dismiss Counts Seven and Eight for failure to state an offense.

Accordingly, the Court DENIES Yang's motion to dismiss Counts Seven and Eight of the Superseding Indictment.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Yang's motion to dismiss Counts Two, Three, Four, and Five of the Superseding Indictment. The Court also DENIES Yang's motion to dismiss Counts Seven and Eight of the Superseding Indictment.

**IT IS SO ORDERED.**

Dated: November 1, 2019

_____
LUCY H. KOH
United States District Judge

Case No. 16-CR-00334-LHK-1
ORDER DENYING MOTION TO DISMISS COUNTS TWO, THREE, FOUR, AND FIVE; MOTION TO DISMISS COUNTS SEVEN AND EIGHT