United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER YANG and DANIEL WU,<br><br>Defendants. | Case No. 16-CR-00334-LHK<br>Case No. 16-CR-00335-LHK<br><br>**ORDER REGARDING SCOPE OF FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION** |

The Court has researched the question of whether an individual may invoke the Fifth Amendment privilege against self-incrimination on the ground that his conduct constitutes a criminal offense in a foreign country but not in the United States. The Court's research indicates that the answer is no. In *United States v. Balsys*, Balsys attempted to invoke the Fifth Amendment privilege against self-incrimination because he believed his testimony "could be used against him by Lithuania or Israel in a criminal prosecution." 524 U.S. 666, 672 (1998). The Self–Incrimination Clause of the Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const., Amdt. 5. Balsys argued "that 'any criminal case' means exactly that, regardless of the prosecuting authority." *Id.* The United States Supreme Court rejected that position and held that "concern with foreign prosecution is

1

beyond the scope of the Self–Incrimination Clause." *Id.* at 669.

The *Balsys* Court left open a possible exception:

> This is not to say that cooperative conduct between the United States and foreign nations could not develop to a point at which a claim could be made for recognizing fear of foreign prosecution under the Self–Incrimination Clause as traditionally understood. If it could be said that the United States and its allies had enacted substantially similar criminal codes aimed at prosecuting offenses of international character, and if it could be shown that the United States was granting immunity from domestic prosecution for the purpose of obtaining evidence to be delivered to other nations as prosecutors of a crime common to both countries, then an argument could be made that the Fifth Amendment should apply based on fear of foreign prosecution simply because that prosecution was not fairly characterized as distinctly "foreign." The point would be that the prosecution was as much on behalf of the United States as of the prosecuting nation, so that the division of labor between evidence gatherer and prosecutor made one nation the agent of the other, rendering fear of foreign prosecution tantamount to fear of a criminal case brought by the Government itself.

*Id.* at 698-99. Based on the record in the instant case, however, this possible exception is inapplicable.

In addition, the Court's limited research has not found a clear answer as to whether violation of China's limits on the amounts of money that can be transferred from China to a foreign country constitute criminal offenses under Chinese law and the extent to which those limits are enforced consistently.

By December 2, 2019 at 8:30 a.m., the parties shall comment on both issues. The parties shall also indicate whether they believe these issues may arise as to any future witnesses in this trial.

**IT IS SO ORDERED.**

Dated: November 25, 2019

‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2
Case Nos. 16-CR-00334-LHK, 16-CR-00335-LHK
ORDER REGARDING SCOPE OF FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION